51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Edward CLAWSON, Defendant-Appellant.
 No. 94-5925.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1995.
 
 Before: KENNEDY, DAUGHTREY, Circuit Judges; and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Larry Edward Clawson, appeals the sentence imposed upon his plea of guilty to possession with intent to distribute lysergic acid diethylamide ("LSD") and marijuana, in violation of 21 U.S.C. Sec. 841(a). On appeal, defendant argues that the District Court improperly sentenced him to the mandatory minimum sentence for intent to distribute LSD. For the following reasons, we affirm the judgment of the District Court.
 
 I.
 
 2
 On June 23, 1992, defendant was indicted for possession of LSD and marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a), knowingly using a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c), and felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). On August 18, 1992, defendant pled guilty to the drug charges. Defendant was later convicted on the other charges.
 
 
 3
 Defendant was originally sentenced on October 20, 1992 to 120 months incarceration for the drug charges, based on 4.704 grams of LSD. Pursuant to a retroactive amendment to the United States Sentencing Guidelines ("U.S.S.G.") Sec. 2D1.1, defendant was resentenced on July 6, 1994. Prior to the amendment, the weight of LSD for sentencing purposes was based on the weight of the drug and the carrier medium. The amendment directs courts to treat each dose of LSD as weighing 0.4 milligrams, regardless of the actual weight. As a result of the new weight calculation, defendant was resentenced based upon 197.2 milligrams of LSD rather than 4.704 grams. The new sentencing range was 51-63 months for the drug charges. Application of the statutory minimum for intent to distribute more than one gram of a mixture containing LSD, however, required a minimum sentence of 60 months. Accordingly, the District Court sentenced defendant to concurrent 60 month sentences for the drug charges.
 
 II.
 
 4
 Section 841(b)(1)(B)(v) of Chapter 21 of the United States Code requires a five year minimum sentence for distributing more than one gram of a "mixture or substance containing a detectable amount" of LSD. In Chapman v. United States, 500 U.S. 453, 460-62 (1991), the Supreme Court held that the phrase "mixture or substance" meant that the weight of the carrier medium should be included when determining the applicability of the mandatory minimum sentence. Subsequently, U.S.S.G. Sec. 2D1.1 was amended to include a uniform weight per dosage unit of LSD. Defendant argues that the weight of LSD calculated pursuant to Sec. 2D1.1 should also be used to determine the applicability of the mandatory minimum sentence. Under this reasoning, the mandatory minimum would not apply to defendant because the LSD weight calculated pursuant to Sec. 2D1.1 was under one gram.
 
 
 5
 Defendant's argument has been foreclosed by this Court's recent decision in United States v. Andress, 1995 U.S.App. Lexis 3619 (6th Cir. February 24, 1995). In Andress, we held that the United States Sentencing Commission "did not intend to override Chapman where a statutorily required minimum sentence is involved." Id. at * 4.
 
 III.
 
 6
 For the foregoing reasons, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Cleland, District Judge for the Eastern District of Michigan, sitting by designation